UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> PERK MED SPA, LLC,                         ) <br> ) <br> Debtor.        ) <br> ) <br> ARVIND MAHENDRU, TRUSTEE    ) <br> ) <br> Plaintiff,    ) <br> ) <br> vs.                                                      ) <br> ) <br> ELLIOTT HOLDINGS, INC., and   ) <br> ) <br> ROBERT ELLIOTT                         ) <br> ) <br> Defendants.        ) | Case No.: 6:18-bk-01894-CCJ <br> Chapter 7 <br><br><br><br><br><br> Adv. No.:_____ |

## COMPLAINT

COMES NOW, Plaintiff Arvind Mahendru, Trustee (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Elliott Holdings, Inc. and Robert Elliott and shows:

## JURISDICTION

1. Jurisdiction is based on 28 U.S.C. §1334(a).

2. Venue is based on 28 U.S.C. §1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F).

4. This complaint is timely filed.

## PARTIES

5. Plaintiff Arvind Mahendru is the duly qualified and acting Trustee in this case

(hereinafter the "Trustee").

6. Debtor Perk Med Spa, LLC (hereinafter "Debtor") is a Florida Limited Liability Company formed on or about January 5, 2015.

7. Defendant Elliott Holdings, Inc. (hereinafter "EHI") is a Florida Corporation formed on or about September 18, 2017.

8. Defendant Robert Elliott (hereinafter "Elliott") is the owner and registered agent of Perk Med Spa, LLC.

9. Defendant Elliott is the owner and registered agent of Elliott Holdings, Inc.

## SUMMARY OF ALLEGATIONS

10. Elliott, as owner of the Debtor, caused large sums of cash and equipment to be removed from the Debtor-entity without adequate consideration. The Debtor-entity had creditors at the time of the transfers. Those assets were moved to Elliott's personal name or to another entity owned and controlled by Elliott. Such entity was set up immediately before the Debtor's bankruptcy attorneys were hired. Elliott has refused to provide additional information to the trustee to substantiate or adequately explain the transfers.

## FACTUAL BACKGROUND

11. On April 3, 2018, Defendant, as owner of Perk Med Spa, LLC, caused a Chapter 7 bankruptcy to be filed for the Debtor.

12. On or around September 29, 2017, Elliott sold 6 pieces of equipment to EHI.

13. Purchase Agreements were provided by the Debtor to the Trustee evidencing the sale of those 6 pieces of equipment for which Elliott signed for both seller and buyer in

each of those agreements.

14. Those 6 agreements purported to sell the following equipment from the Debtor to EHI:

    a. CORE CO2 Device – SN1026 sold for $750.

    b. HydraFacial Device – SN0659 sold for $750.

    c. Ultherapy Device – SN 014R sold for $750.

    d. Ultherapy Device – SN1810 sold for $750.

    e. Velashape III Device – SN 2918 sold for $750.

    f. Velashape III Device – SN9283 sold for $750.

15. The sum total of the sale price of the above 6 pieces of equipment based on the sale price denoted in those agreements is $4,500.00.

16. Debtor claimed three batches of equipment were to be sold.

17. Debtor claimed the first batch was sold to EHI for $12,000.00, listing $9,300.00 in costs yielding profits of $2,700.00.

18. Debtor claimed a second batch was sold to EHI for $20,000.00, listing $14,900.00 in costs, yielding profits of $5,100.00.

19. $2,700.00 and $5,100.00 of profits yields a total $7,800.00 of profits for the first two batches of equipment.

20. At the 341 meeting on May 15, 2018, Defendant as owner of Perk Med Spa, LLC testified that $5,000.000 was set aside from EHI's bank account to a personal account, then deposited into another bank account and that the $5,000.00 represented the proceeds of the sale of equipment to or by EHI.

21. Elliott, therefore, has claimed bills of sale for the Debtor in the amount $4,500.00, with

profits of $7,800.00 (from the first 2 of 3 batches of the equipment), while also depositing a third different amount of $5,000.00 into different bank accounts.

22. At the continued 341 meeting held on June 26, 2018, Defendant testified that an "UltraShape Power Device – SN0136" remains unsold and that Debtor, or Debtor through a salesperson who works at EHI, is actively marketing the sale of the equipment.

23. Trustee is unsure if additional equipment remains unsold or if there are other pieces of equipment not disclosed.

24. On or around October 2, 2017, Elliott withdrew $50,000.00 from a Chase bank account (x5153) owned by Perk Med Spa, LLC and deposited it into a checking account ending in x5787.

25. Elliott has not provided bank account statements ending in x5787 to account for the $50,000.000.

## COUNT I –Restraining Order

26. Plaintiff re-alleges and incorporates the allegations contained in paragraphs numbers one (1) through twenty-five (25) above.

27. Upon information and belief, Defendant may have one or more pieces of equipment that remain in his possession.

28. Plaintiff is concerned about the immediate dissipation of assets with permanent harm to the property of the estate.

WHEREFORE, Plaintiff moves this Court to enter an order (a) in favor of the Plaintiff; (b) against the Defendant; (c) for a restraining order preventing the sale or disposition of any remaining pieces of equipment or money, or in the alternative that any sale or disposition is coordinated with and approved by the Trustee or this Court; and, (d) Plaintiff further hereby requests to reserve jurisdiction as to attorney's fees and costs, if allowable.

### COUNT II - DECLARATORY ACTION TO PIERCE THE CORPORATE VEIL AND/OR FIND ALTER EGO AND/OR FIND SUCCESSOR LIABILITY UNDER 11 U.S.C. §§544 AND FLORIDA COMMON LAW

29. Plaintiff re-alleges and incorporates the allegations contained in paragraphs numbers one (1) through twenty-five (25) above.

30. Elliott, individually or through entities he controlled, has disregarded corporate formalities by commingling funds of the Debtor in accounts which did not belong to the Debtor.

31. Elliott, individually or through entities he controlled, has failed to properly account for or adhere to proper recordkeeping.

32. Elliott, individually or through entities he controlled, has used EHI to commit illicit acts, to wit: fraud or fraudulent transfers under the Bankruptcy Code and Florida Statute.

33. Elliott, individually or through entities he controlled, has: conducted the business of (a mere continuation); or, otherwise liquidated assets of the Debtor under EHI without benefit to the Creditors of the Debtor.

34. There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert this claim.

WHEREFORE, Plaintiff moves this Court to enter an order (a) in favor of the Plaintiff; (b) against the Defendants; (c) setting aside any corporate insulation as to the causes of action herein; and, (d) Plaintiff further hereby requests to reserve jurisdiction as to attorney's fees and costs, if allowable.

### **COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548**

35. Plaintiff re-alleges and incorporates the allegations contained in paragraphs numbers one (1) through twenty-five (25) above.

36. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. § 548.

37. Debtor transferred assets to Elliott or EHI at a time when Debtor was insolvent.

38. Debtor did not receive fair value for those transfers.

WHEREFORE, Plaintiff moves this Court to enter an order (a) determining that the transfers were fraudulent and avoidable under 11. U.S.C. § 548; (b) avoiding the transfers and entering judgment in favor of the Trustee against Defendants for the value of the transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; and (c) for other relief the Court deems just and proper.

## COUNT IV– ACTUAL FRAUD – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER 11 U.S.C. §§544 AND 550 AND FLA. STAT. §§ 726.105 AND 726.108

39. Plaintiff re-alleges and incorporates the allegations contained in paragraphs numbers one (1) through twenty-five (25) above.

40. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550, and Florida's Uniform Fraudulent Transfer Act (hereinafter "FUFTA").

41. Within four years prior to the Petition Date, Debtor transferred equipment and money to Defendants or for the benefit of Defendants.

42. Pursuant to 11 U.S.C. § 544, the Trustee may avoid any transfer of an interest of Debtor in property transferred to Defendants that is voidable under applicable law (in this case under Fla. Stat.§§ 726.105 and 726.108) by a creditor holding an unsecured claim.

43. The transfers were made by Debtor with the actual intent to hinder, delay or defraud present and future creditors of Debtor.

44. There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

45. Creditors may file or have filed claims against Debtor, whose claims arose before or after the transfers were made.

46. The transfers are avoidable, and should be avoided, pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108, and 11 U.S.C. § 544(b)(l).

47. Pursuant to 11 U.S.C. § 550, the recovery of property for the benefit of Debtor's

estate is authorized to the extent that the transfers are avoided under 11 U.S.C. § 544 and FUFTA.

WHEREFORE, the Trustee moves this Court to enter an order (a) determining that the transfers were fraudulent and avoidable under 11 U.S.C. §§ 544(b) and 550 and FUFTA; (b) avoiding the transfers and entering judgment in favor of the Trustee against Defendants, jointly and severally, for the value of the transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; (c) disallowing any claim that Defendant may have against Debtor, or any debtor jointly administered with Debtor, including, without limitation, pursuant to and as provided in 11 U.S.C. § 502; and, (d) for such other and further relief as the Court deems just and proper.

## COUNT V - CONSTRUCTIVE FRAUD - AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER 11 U.S.C. §§ 544(b)(l) AND 550 AND FLA. STAT. §§ 726.105, 726.106 AND 726.108

48. Plaintiff re-alleges and incorporates the allegations contained in paragraphs numbers one (1) through twenty-five (25) above.

49. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550, and FUFTA.

50. Within four years prior to the petition date, Debtor made transfers to Defendant or for the benefit of Defendant.

51. Debtor did not receive fair value in exchange for the transfers to Defendants or for the benefit of Defendants.

52. At the time of the transfers, Debtor was insolvent and remained insolvent continuously

thereafter.

53. At the time of the transfers, Debtors was engaged in a business or transaction for which Debtor's remaining property constituted an unreasonably small amount of capital in relation to Debtor's business or the transaction.

54. At the time of the transfers, Debtor intended to incur, believed or reasonably should have believed that Debtor would incur, debts that would be beyond its ability to pay as they became due.

55. There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502 who would have standing to assert a claim for relief under FUFTA.

56. Creditors could file or have filed claims against Debtor whose claims arose before or after the Payments were made.

57. The transfers are avoidable, and should be avoided, pursuant to Fla. Stat. §§ 726.105(l)(b), 726.106(1), and 726.108(1)(a), and 11 U.S.C. § 544(b)(l).

58. Pursuant to 11 U.S.C. § 550, the recovery of property for the benefit of Debtor's estate is authorized to the extent the transfers are avoided under 11 U.S.C. § 544 and FUFTA.

WHEREFORE, the Trustee moves this Court to enter an order (a) finding that the transfers were fraudulent and avoidable under 11 U.S.C. §§ 544 and 550 and FUFTA; (b) avoiding the transfers and entering judgment in favor of the Trustee against Defendants, jointly and severally, for the value of the transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; (c) disallowing any claim that Defendants may have against Debtor, or any Debtor jointly administered with Debtor, including, without limitation, pursuant to and as

provided in 11 U.S.C. § 502; and, (d) for such other and further relief as the Court deems just and proper.

### COUNT VI - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)

59. Plaintiff re-alleges and incorporates the allegations contained in paragraphs numbers one (1) through twenty-five (25) above.

60. Defendants were the initial transferee of the transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the transfers were made.

61. Pursuant to 11 U.S.C. § 502(d), any claims of Defendants against the Debtor must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the avoidable transfers, plus interest thereon and costs.

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment as follows: (a) pursuant to 11 U.S.C. § 502(d), disallow any claim of Defendants against Debtor; and (b) grant such other and further relief to the Plaintiff as may be just and proper.

Dated: July 26, 2018.

Respectfully submitted,
/s/ L. Todd Budgen
L. Todd Budgen, Esq.
FL Bar No.: 0296960
BUDGEN LAW
Post Office Box 520546
Longwood, Florida 32752-0546
(407) 481-2888
tbudgen@mybankruptcyfirm.com
Attorney for Plaintiff