UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | |
| PERK MED SPA, LLC, | Case No.: 6:18-bk-01894-CCJ |
| | Chapter 7 |
| Debtor. | |
| ARVIND MAHENDRU, TRUSTEE | |
| Plaintiff, | |
| vs. | Adv. No.: 6:18-ap-00079-CCJ |
| ELLIOTT HOLDINGS, INC., and | |
| ROBERT ELLIOTT | |
| Defendants. | |

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiff Arvind Mahendru, Trustee ( "Plaintiff"), by and through his undersigned attorney, hereby moves this Honorable Court, pursuant to FED R. CIV. P. 65 as adopted by FED R. BANKR. P 7065, for a Temporary Restraining Order ("TRO") against Defendant Robert Elliott ("Defendant"), and in support thereof states as follows:

FACTUAL BACKGROUND

1. Plaintiff Arvind Mahendru is the duly qualified and acting Trustee in this case.

2. Debtor Perk Med Spa, LLC filed a petition under Chapter 7 of the Bankruptcy Code on April 3, 2018.

3. Debtor Perk Med Spa, LLC (hereinafter "Debtor") is a Florida Limited Liability Company formed on or about January 5, 2015.

4. Defendant Elliott Holdings, Inc. (hereinafter "EHI") is a Florida Corporation formed on or about September 18, 2017.

5. Defendant Robert Elliott (hereinafter "Elliott") is the owner and registered agent of Perk Med Spa, LLC.

6. Defendant Elliott is the owner and registered agent of Elliott Holdings, Inc.

7. Defendants caused, $82,000.00 of assets and cash to be removed at its closing without any benefit to its creditors.

8. Elliott said $32,000.000 of equipment was transferred from Debtor to EHI per documents and testimony he provided.

9. At the 341meeting conducted on May 15, 2018, Elliott testified that $50,000.00 was transferred from Debtor's business account to a personal account.

10. At that same meeting, Elliott refused to comply with requests for bank statements to show the transfer of the $50,000.00 from his business account to his personal account. Elliott said "I'm sorry you're not getting my personal bank statements."

11. At the continued 341 meeting on June 26, 2018, Elliott reiterated his unwillingness to provide bank statements.

12. Elliott refused to complete that 341 meeting. Elliott said he was going to file a complaint against the Trustee and proceeded to say "I'm done."

13. Elliott, as owner of the Debtor, caused large sums of cash and equipment to be removed from the Debtor-entity without adequate consideration. The Debtor-entity had creditors at the time of the transfers. Those assets were moved to Elliott's personal name or to another entity owned and controlled by Elliott. Such entity was set up

immediately before the Debtor's bankruptcy attorneys were hired.

## MEMORANDUM OF LAW

A. Standard

For an injunction to be issued, a Plaintiff must demonstrate: 1) the likelihood of irreparable harm and unavailability of an adequate remedy at law, (2) the substantial likelihood of success on the merits, (3) that the threatened injury to the petitioner outweigh any possible harm to the respondent, and (4) that the granting of the preliminary injunction will not disserve the public interest. *Graham v. Edwards,* 472 So.2d 803, 806 (Fla. 3d DCA 1985), *rev. denied,* 482 So.2d 348 (Fla.1986).

1. Likelihood of irreparable harm

   If the last of the equipment is sold or the last of the cash is dissipated by Defendants – who are not the rightful party to do so – Defendants will likely not readily turn over the proceeds or cash to the Trustee. To allow the dissipation of the assets will cause irreparable harm to the estate, hindering distribution to unsecured creditors.

2. The substantial likelihood of success of the merits

   Plaintiff possesses a substantial likelihood of success on the merits of its claims contained in its Complaint. Defendants transferred equipment and money on the eve of Debtor's bankruptcy filing without fair value in exchange for those transfers and without proper accounting and documentation of those transfers.

3. The threatened injury to the petitioner outweigh any possible harm to the respondent

   The injury to Plaintiff and the bankruptcy estate far outweigh the possible harm to Defendant. Allowing Defendant to sell that property or dissipate cash, when it is no longer the

rightful owner, is injurious to the bankruptcy estate and unjust enrichment for Defendants.

4. The injunction will not disserve the public interest

    There is no disservice to the public interest. Any remaining property that the Debtor has a right to is property of the bankruptcy estate. The public interest is served when property of the estate is preserved for creditors and property is sold for the benefits of the creditors of the estate.

    WHEREFORE, the Trustee respectfully requests that this Court enter an Order in its favor and against Defendants, enter a temporary restraining order against Defendant so it may not sell or dispose of any remaining property of the Debtor without further order or approval from this Court, and for other relief the Court deems just and necessary.

Dated: July 26, 2018.

>Respectfully submitted,
>/s/ L. Todd Budgen
>L. Todd Budgen, Esq.
>FL Bar No.: 0296960
>BUDGEN LAW
>Post Office Box 520546
>Longwood, Florida 32752-0546
>Tel: (407) 481-2888
>tbudgen@mybankruptcyfirm.com
>Attorney for Plaintiff